UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEXTER LAWRENCE GRIFFIN,<br><br>　　　　　　　　Petitioner,<br><br>　　v.<br><br>BRANDON PRICE,<br><br>　　　　　　　　Respondent. | No. 2:20-cv-0304 KJN P<br><br>ORDER and FINDINGS and <u>RECOMMENDATIONS</u> |

Petitioner is housed at the Coalinga State Hospital, and is proceeding pro se and in forma pauperis. By order filed February 18, 2020, petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 was dismissed with leave to amend because petitioner failed to sign his original petition. On March 5, 2020, petitioner filed a 70-page document that included various nonresponsive documents, but also included petitioner's 27-page typewritten petition (ECF No. 21 at 12-39). Because only his § 2254 petition is responsive to this court's order, the Clerk of the Court is directed to file and separately docket the petition (ECF No. 21 at 12-39) as petitioner's amended petition filed March 5, 2020. The court now reviews the amended petition.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the

1

highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

After reviewing the amended petition for habeas corpus, the court finds that petitioner has failed to exhaust state court remedies. Petitioner concedes that the claims have not been presented to the California Supreme Court. (ECF No. 21 at 15.) Further, there is no allegation that state court remedies are no longer available to petitioner. Accordingly, the petition should be dismissed without prejudice.[1]

Finally, included in petitioner's filing is a motion under 28 U.S.C. § 2244 directed to the United States Court of Appeals for the Third Circuit (ECF No. 21 at 54-63). Because petitioner was convicted in the Sacramento County Superior Court, it is unclear why he would be seeking relief from the Third Circuit.[2] But in an abundance of caution, the Clerk of the Court is also directed to send petitioner a copy of his § 2244 petition (ECF No. 21 at 54-63).

Good cause appearing, IT IS HEREBY ORDERED that the Clerk of the Court is directed to:

1. File and separately docket the § 2254 petition (ECF No. 21 at 12-39) as petitioner's amended petition filed March 5, 2020;

2. Assign a district judge to this case;

3. Serve a copy of these findings and recommendations together with a copy of the amended petition filed in the instant case on the Attorney General of the State of California; and

4. Send a copy of petitioner's § 2244 petition (ECF No. 21 at 54-63) to petitioner.

////

---

[1] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

[2] The United States District Court for the Eastern District of California is a federal court in the Court of Appeals for the Ninth Circuit.

Further, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed for failure to exhaust state remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 13, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/grif0304.103