UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEXTER L. GRIFFIN, | No. 2:20-cv-0304 KJM KJN P |
| Petitioner, | |
| v. | ORDER |
| BRANDON PRICE, | |
| Respondent. | |

Petitioner is housed at the Coalinga State Hospital, and proceeds pro se and in forma pauperis with an application for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 16, 2020, the magistrate judge filed findings and recommendations, which were served on petitioner and which contained notice to petitioner that any objections to the findings and recommendations were to be filed within fourteen days. Petitioner has not filed objections to the findings and recommendations.[1]

---

[1] On March 16, 2020, petitioner filed a second amended petition in which he claims to be challenging an August 15, 2020 indefinite commitment order under the Sexually Violent Predator Act, California Welfare & Institutions Code, § 6600 et seq. (ECF No. 26 at 1.) However, in his grounds for relief, petitioner argues his conviction was obtained by the use of, or nondisclosure of, evidence from 1998. (ECF No. 26 at 4.) Nevertheless, petitioner concedes he has not exhausted his state court remedies as to the claims contained therein. (Id. at 3.)

The court presumes that any findings of fact are correct. *See Orand v. United States*, 602 .2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) ("[D]eterminations of law by the magistrate judge are reviewed de novo by both the district court and [the appellate] court . . . ."). Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper analysis.[2]

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed March 16, 2020, are adopted in full;

2. Petitioner's application for a writ of habeas corpus is dismissed for failure to exhaust state remedies; and

3. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

DATED: August 7, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE

---

  In addition, review of the official website for the California Supreme Court confirms that petitioner filed no petition with the California Supreme Court. The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. *Daniels-Hall v. National Education Association*, 629 F.3d 992, 999 (9th Cir. 2010). It is appropriate to take judicial notice of the docket sheet of a California court. *White v. Martel*, 601 F.3d 882, 885 (9th Cir. 2010). The address of the official website of the California state courts is www.courts.ca.gov.

[2]  Finally, it also appears that the instant petition is duplicative of an earlier habeas petition filed in *Griffin v. Sacramento County*, 2:20-cv-0256 KJM EFB P (E.D. Cal.).